UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

HENRY B. JOHNSON, <u>ET</u> <u>AL</u>.,  :
                                :
    Plaintiffs              :
                                :
    v.                      : CIVIL NO. 3:CV-03-2125
                                :
D. SCOTT DODRILL, <u>ET</u> <u>AL</u>.,    : (Judge Kosik)
                                :
    Defendants              :

## **M E M O R A N D U M**

### I.   <u>Introduction</u>

Plaintiffs Henry B. Johnson and Willie Engram-Bey originally filed this civil rights action pursuant to 28 U.S.C. § 1331 in the United States District Court for the District of Columbia on October 20, 2003. The matter was transferred to this court approximately one month later. At the time the complaint was filed, plaintiffs were both inmates at the United States Penitentiary at Lewisburg (USP-Lewisburg), Pennsylvania. Johnson is now confined at the United States Penitentiary at Marion, Illinois, and Engram-Bey has been transferred to the United States Penitentiary-Max in Florence, Colorado. The standing complaint in this case consists of Documents 1 and 5. There are fourteen remaining defendants all employees at USP-Lewisburg.[1] In the complaint, plaintiffs allege that their due process rights were violated with

---

[1] Several Bureau of Prisons officials were previously dismissed from this action by the District of Columbia Court prior to transfer of the matter. One of the fourteen remaining defendants, "M. Riso," has never been served with the complaint in this action. Following the return of the summons unexecuted with regard to this defendant, an Order was issued on

regard to their placement in the Special Management Unit (SMU) and also claim that placement in the SMU was a threat to them. They further contend that the decision of the United States Parole Commission to rescind Johnson's parole was improper and that Engram-Bey received inadequate medical care while in the SMU. Plaintiffs also raise claims with regard to incident reports they received for failure to participate in the gang unit program. Plaintiffs seek injunctive and monetary relief.[2]

Presently pending is a motion to dismiss, or, in the alternative, for summary judgment filed by defendants on January 24, 2005. (Doc. 40.) Prior to the time defendants submitted their supporting brief and documents, plaintiffs filed their brief in opposition to the motion. (Doc. 47.) Thereafter, a supporting brief, statement of material facts and evidentiary materials were filed by defendants on February 7, 2005. (Docs. 50, 51, 54, 55.) An Order was issued by the court on February 8, 2005, directing plaintiffs to file their opposing statement of material facts within 15 days, as well as file a supplement to their opposition brief if they so desired. (Doc. 57.) Neither an opposing statement of material facts or a supplemental opposition brief was

---

February 8, 2005, giving plaintiffs 10 days to notify the court as to whether they wished to have service directed on "Melissa Rios" an employee at USP-Lewisburg. (Doc. 56.) Because plaintiffs never provided said notification to the court, this defendant will be dismissed from the action.

[2] To the extent the complaint can be construed to raise claims of conspiracy with regard to plaintiff's placement in the SHU, the court finds the undisputed record to demonstrate no support for such claim. Plaintiffs' set forth bare allegations without coming forth with any evidence to support the existence/inference of any agreement, communication and/or cooperation among the defendants to support their claims. See Flanagan v. Shively, 783 F. Supp. 922 (M.D.), aff'd 980 F.2d 722 (3d Cir. 1992). As such, summary judgment is warranted in favor of Defendants on the conspiracy claim.

2

filed by plaintiffs.[3]

## II. Background

The allegations in the complaint stem from a riot disturbance which occurred at USP-Lewisburg in the recreation yard on August 18, 2002 between D.C. Black inmates and the Hispanic NETA gang members. On the morning of August 18, 2002, the USP-Lewisburg Control Center Officer made an announcement that staff needed assistance on the recreation yard with regard to the large scale altercation which was taking place. Following the deployment of Precision Ordinance Thunder Flashes, the inmates separated and dispersed. Due to numerous injured inmates, additional staff responded. Approximately 25 inmates from Washington, D.C. were observed gathered near a pavilion in the yard.

Following a lengthy investigation it was determined that the altercation which took place was a result of smaller incidents which had occurred on the morning of August 18, 2002, including a dining room incident between a D.C. inmate and a Hispanic inmate. Due to their involvement in the resulting yard altercation, plaintiffs each received incident reports for "Rioting and Conduct which Disrupts" and were sanctioned. (Doc. 1, Compl. Exs. 1, 2.) Both plaintiffs were also found to be candidates for the SMU program at USP-Lewisburg due to their roles in the incident. Both plaintiffs were ultimately transferred out of the SMU program for refusing to participate. Engram-Bey was transferred out on or about April 11, 2004, and Johnson on or about July 3, 2004. For the reasons that follow, the motion for summary judgment will be

---

[3] Plaintiffs did file a document entitled "Affidavit" on February 18, 2005 (Doc. 61) which the court will review when considering defendants' pending motion.

granted.

## III.  **Standard**

Defendants have filed a motion to dismiss or, in the alternative, for summary judgment. Along with their motion, defendants have submitted evidentiary materials, specifically, the declarations made under penalty of perjury of Brian Chambers, Cynthia Lewis and L. Cunningham, each with supporting exhibits.  Defendants have also submitted copies of DHO reports, Administrative Remedy Responses and Memorandums and materials pertaining to the Special Management Unit at USP-Lewisburg.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), if on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of pursuant to Fed. R. Civ. P. 56.  This court will not exclude the supporting evidentiary materials submitted by defendants, and, as such, will address the instant motion as one for summary judgment. Because defendants labeled their motion as one to dismiss or, in the alternative for summary judgment, thereby placing plaintiff on notice, and because a separate Order was issued by the court directing plaintiffs to file an opposing statement of material facts and giving them an opportunity to file supplemental opposing materials in an attempt to controvert those submitted by defendants, there is no need to first provide notice to plaintiffs that the instant motion will be construed as one for summary judgment.

The court will consider defendants' motion under the well-established standard

applicable to summary judgment.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Celotex Corporation v. Catrett, 477 U.S. 317, 324 (1986); Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. . 56©); see also Turner v. Schering-Plough Corp., 901 F.2d 335, 340 (3d Cir. 1990).  The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Young v. Quinlan, 960 F.2d 351, 357 (3d Cir. 1992).  The moving party, however, has no burden to negate or disprove matters on which the nonmoving party will have the burden of proof at trial.  The moving party need only point out to the Court that there is an absence of evidence to support the non-moving party's case.  See Celotex Corp., 477 U.S. at 325. After such a showing has been made, the burden then shifts to the opposition to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The evidence need not be in a form that would be admissible at trial. Celotex, 477 U.S. at 324.  However, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus., 475 U.S. at 586.  Further, a plaintiff may not simply "replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." Lujan v. National Wildlife Federation, 497 U.S. 871, 888 (1990) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)).  The nonmoving party must raise "more than a scintilla of evidence

5

in its favor" in order to overcome a summary judgment motion, and cannot survive by relying on unsupported assertions, conclusory allegations, or mere suspicion. Williams v. Borough of W. Chester, 891 F.2d 458, 460 (3d Cir. 1989).

At the summary judgment stage, the court's function is not to weigh the evidence and determine the truth of the matter, but rather to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249. The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Id. at 247. In determining whether there exists a material issue of disputed fact, however, the facts and the inferences to be drawn from the facts are to be viewed in the light most favorable to the nonmoving party. Pollock v. American Tel. & Tel. Long Lines, 794 F.2d 860, 864 (3d Cir. 1986). Yet, the court must determine whether the nonmoving party has met its burden, in doing so the court must focus on both the materiality and the genuineness of the factual issues raised by the nonmovant. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson, 477 U.S. at 247-48. In addition to being genuine, the disputed facts must be material, as determined by the substantive law. Anderson, 477 U.S. at 248. "[O]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id.

**IV.  Discussion**

    **A.  Due Process Claims regarding SMU placement, Challenges to SMU Program, Johnson's Disciplinary Hearing and Parole Rescission**

6

The majority of the claims raised in the instant complaint relate to plaintiffs' placement and stay in the SMU, challenges to the SMU program, Johnson's disciplinary hearing and also the rescission of his parole. In moving for summary judgment defendants argue that the above claims have all been previously adjudicated on the merits and thus are barred by the doctrine of res judicata. In support of their argument, defendants provide citations to two previous lawsuits in which plaintiffs were involved. The first is Johnson v. Warden, USP Lewisburg, Civil No. 3:CV-04-0068, slip op. (M.D. Pa. Mar. 18, 2004) (Kosik, J.). In this case the court found that Johnson's due process rights were neither violated during the disciplinary proceedings against him, nor were they violated by his placement in the SMU program as a result of his involvement in the riot incident. The court further found that Johnson was afforded his due process rights with regard to the rescission of his parole, and therefore found his parole claims to be without merit.

Johnson and Engram-Bey were also plaintiffs in a previous lawsuit brought by several USP-Lewisburg inmates challenging aspects of the SMU program, and claiming violations of their constitutional rights.[4] In this action, Stotts v. Dodrill, Civil No. 3:CV-04-0043, slip op., (M.D. Pa. Feb. 7, 2005) (Munley, J.), the court found that the plaintiffs' placement in the SMU following the riot incident did not violate their due process rights, placement in the SMU was not punitive in nature, and the plaintiffs were not entitled to the procedural safeguards provided to inmates who are placed in Control Units. Further, the court dismissed Johnson as a defendant

---

[4] In this action plaintiffs also claimed that the SMU confinement violated the Administrative Procedures Act.

from said action based upon res judicata and previous habeas corpus cases.  (Doc. 54.)

The preclusive effect given to prior adjudications under the doctrine of res judicata "is not a mere matter of 'practice or procedure' but 'a rule of fundamental and substantial justice.'" EEOC v. U.S. Steel Corp., 921 F.2d 489, 492 (3d Cir. 1990) (quoting Hart Steel Co. v. Railroad Supply Co., 244 U.S. 294, 299 (1917).  "Res judicata avoids 'the expense and vexation attending multiple law suits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.'" Id. (quoting, Montana v. United States, 440 U.S. 147, 153-54 (1979)).

Res judicata comprehends both "claim preclusion" and "issue preclusion."  Migra v. Warren City Sch. Dist. Bd. Of Educ., 465 U.S. 75, 77 n. 1 (1984).  Claim preclusion "applies to all claims actually brought or which could have been brought in a prior action regardless of whether they were asserted or determined in the prior proceeding." Inofast Mfg., Inc. v. Bardsley, 103 F. Supp. 2d 847, 849 (E.D. Pa. 2000), aff'd mem., 265 F.3d 1055 (3d Cir. 2001). Issue preclusion, also known as collateral estoppel, "bars relitigation only of an issue identical to that adjudication in the prior action."  Bradley v. Pittsburgh Bd. Of Educ., 913 F.2d 1064, 1070 (3d Cir. 1990).  The party asserting claim preclusion must establish "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action."  Inofast, 103 F. Supp. 2d at 849; see also Napier v. Thirty or More Unidentified Federal Agents, 855 F.2d 1080, 1086 (3d Cir. 1988).  Each requirement for claim preclusion is present in the instant case.  Plaintiffs had two previous opportunities with regard to the litigation of their SMU claims and Johnson previously litigated

his claims with regard to the disciplinary action against him and his parole rescission. The proper forum for appealing these claims is not to again raise them in this court.

To the extent plaintiffs seek to be transferred out of the SMU due to their claim that their lives are allegedly in danger because of the nearby placement of NETA gang members, this claim is now moot in that both plaintiffs are no longer housed at USP-Lewisburg. As such, summary judgment will be granted in favor of defendants on these claims.

### B.    Failure of Defendant Chambers to provide form to Plaintiff Johnson

Plaintiffs appear to include a claim that Defendant Chambers failed to provide Plaintiff Johnson with a copy of a BP-340 form regarding his Central Inmate Monitoring Classification. The undisputed record reveals that on June 22, 2003, Johnson submitted an Inmate Request to Staff Member form requesting information regarding his Central Inmate Monitoring status. In particular, he was seeking information regarding his separation status from all NETA gang members. (Doc. 55, Ex 1, Chambers Decl. ¶ 3.) In the request, he never specifically requested a copy of the BP-340 form.

Chambers responded in writing on June 30, 2003 as to Johnson's inquiry for such information by telling him that the BOP is precluded, for reasons of security, from releasing information regarding individual names, identification numbers and/or locations of other inmates from which he is to be kept separate. He was informed, however, that in accordance with Program Statement 1351.05, he could make a request to access any documents contained within his own central file as described by Chambers in his response. Chambers then goes on to instruct Johnson as to how to obtain these documents. Thereafter, Johnson did specifically

9

request a copy of BP-340 and was provided the document on July 11, 2003.  (Doc. 55, Ex. 1, ¶ 3.)  Plaintiff produces no evidence to dispute that he was, in fact, ultimately provided a copy of the BP-340.  As such, summary judgment in favor of Defendant Chambers is appropriate on this claim.

### C. Engram-Bey's Inadequate Medical Care Claim

In order to establish a claim against defendants for inadequate medical care based on the Eighth Amendment, plaintiff must show "(i) a serious medical need, and (ii) acts or omissions . . . that indicate deliberate indifference to that need."  Natale v. Camden County Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003).  A prison official acts with deliberate indifference to an inmate's serious medical needs when he "knows of and disregards an excessive risk to inmate health or safety. . . ."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Thus, a prison official's conduct does not constitute deliberate indifference unless it is also accompanied by the requisite mental state.  Id.  As such, a complaint that a physician "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. . . ."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  "A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment.  At most it is medical malpractice."  Id., 429 U.S. at 107.  "[A]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights."  Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990).  In sum, negligence, unsuccessful medical treatment, or medical malpractice does not give rise to an Eighth Amendment inadequate medical care cause of action, and an inmate's

disagreement with medical treatment is insufficient to establish deliberate indifference. See Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993.)

Plaintiff Engram-Bey alleges that Defendant Lewis, Nurse Practitioner at USP-Lewisburg, changed a doctor's orders and provided him with incorrect medication. In support of their motion for summary judgment, Defendants submit the declaration sworn under penalty of perjury of Lewis which establishes the following. On June 11, 2003, Engram-Bey complained to medical staff of pain from an existing inguinal hernia. A five (5) day course of ibuprofen and a medium hernia truss was prescribed by the Clinical Director at USP-Lewisburg. The prescription for ibuprofen is the medication which appears to be challenged by Engram-Bey, apparently on the basis that in light of his history of hepatitis, ibuprofen may be toxic to his liver. (Doc. 55, Ex. 2, Lewis Decl., ¶¶ 1-3.) The Clinical Director, however, was aware of Engram-Bey's history and provided the short five (5) day prescription of ibuprofen for the purpose of relieving Plaintiff's pain. Lewis, as Nurse Practitioner, merely dispensed the ibuprofen as prescribed by the Clinical Director. Submitted as an exhibit by Lewis is a copy of the Clinical Director's prescription.

Based on the foregoing, to the extent Defendant Engram-Bey contends that Lewis provided him with the incorrect medication, his claim is without merit based upon the undisputed record. He offers nothing to contradict the evidentiary materials submitted by Defendant Lewis that she provided him with exactly what was prescribed by the Clinical Director for his ailment. To the extent he disagrees with the medication as prescribed by the Clinical Director, he simply disagrees with the treatment provided and comes forth with no

evidence that Defendants engaged in any conduct which rises to the level of deliberate indifference to his medical needs.  At best, his claim would sound in negligence which is not actionable in the instant action.  Summary judgment will be granted on this claim as well.

    An appropriate Order is attached.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HENRY B. JOHNSON, ET AL., | : |
| | : |
| Plaintiffs | : |
| | : |
| v. | : CIVIL NO. 3:CV-03-2125 |
| | : |
| D. SCOTT DODRILL, ET AL., | : (Judge Kosik) |
| | : |
| Defendants | : |

**O R D E R**

　　**NOW, THIS 29th DAY OF SEPTEMBER, 2005,** in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

　　1. Defendants' Motion to Dismiss or, in the alternative, for Summary Judgment (Doc. 40) is granted. The Clerk of Court is directed to enter judgment in favor of Defendants and against Plaintiffs on all claims.

　　2. The Clerk of Court is directed to close this case.

　　3. Any appeal from this Order will be deemed frivolous, without probable cause and not taken in good faith.

　　　　　　　　　　　　　　　　　　s/Edwin M. Kosik
　　　　　　　　　　　　　　　　　　United States District Judge